# Bush *v.* Seaboard Air Line Railroad Co.

*Injury to Pedestrian by Falling in Ditch.*

(Decided June 3, 1915. 68 South. 1011.)

1. *Railroads; Construction; Injuries.*—A railroad is not liable for injuries to a pedestrian from falling into a ditch which is constructed at the side of its track for the benefit of a city in consideration of its franchise, but over which it retained no control.

2. *Same; Evidence; Best and Secondary.*—Where the action was for injury to a pedestrian caused by falling into a ditch which was constructed by a railroad company but accepted and controlled by the city, evidence by the ex-mayor of the city that the work had been accepted, was not objectionable as being secondary evidence, such matter being merely collateral.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN H. MILLER.

Action by Mrs. M. L. Bush against the Seaboard Air Line Railroad Company for damages for injuries

caused by falling into a ditch. Judgment for defendant, and plaintiff appeals. Affirmed.

The complaint, after stating the facts as stated in the opinion, alleges that plaintiff fell into the excavation and suffered the damages claimed as a proximate consequences thereof, and alleges that she suffered said injuries and damages as a proximate result of the negligence of defendant, its servants or agents, in negligently failing to provide lights or railings or guards or danger signals upon or near said concrete wall or excavation.

SINNOTT & KEENE, for appellant.

TILLMAN, BRADLEY & MORROW, and L. C. LEADBEATER, for appellee.

SOMERVILLE, J.—About the year 1902 or 1903, the defendant company built its railroad through the town of Avondale. It ran along Avenue A, which was then an unimproved street, with only one or two houses, and ditches and gullies on both sides. Defendant's franchise from the town required it to square up the sides and bottom, and construct concrete retaining walls for the sides and bottom, of a certain ditch running along said avenue, which supplied its natural drainage. The ditch had no connection whatever with defendant's road, and its improvement as required by the town was of no special benefit to it, and was not in any sense a part of its roadway, nor appurtenant to it. On the other hand, it was of special benefit to the town as a permanent improvement to prevent the washing away of the soil, and so to keep the street in better condition for the use of the public. Defendant did the work as required —completing it in two or three years—and it was ac-

cepted as satisfactory by the city. Thereafter defendant had nothing to do with the ditch; there being neither any requirement nor any undertaking that it should maintain it, or make its presence safe for the public who might use the street, which was under the control of the town. The ditch is now about four feet wide and four feet deep, and it does not appear that in the construction of the retaining walls its original width or depth has been changed except incidentally for the purpose of uniformity.

(1) On these facts the defendant cannot be held liable to the plaintiff for either the construction or the maintenance of a nuisance, and the general affirmative charge was properly given for the defendant. In any view of the case, the only liability would be upon the town for not guarding the sides of the ditch in some suitable manner.

The authorities cited by appellant to the effect that municipal authority to erect or maintain a nuisance on a public street is no bar to liability therefor are obviously not in point.

(2) If the trial judge had ruled on the ex-mayor's statement that the town accepted the work, it would have made no difference in the result. The objection that it was secondary evidence was, however, not well taken. It was a collateral matter, and the rule of primariness did not apply.

There is no error in the record, and the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.